IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MAURICE ALLISON MOORE,** | ) | CASE NO. 4:08CV3036 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ANNE HOBBS, Director for the** | ) | |
| **Nebraska Equal Opportunity** | ) | |
| **Commission,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed his Complaint on February 28, 2008. (Filing No. 1) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on February 28, 2008, against Anne Hobbs, Director of the Nebraska Equal Opportunity Commission ("NEOC"). (Filing No. 1 at CM/ECF p. 1.) Defendant is sued only in her official capacity. (Id. at CM/ECF p. 3.) Plaintiff alleges that he applied to participate in the Nebraska Health and Human Services' "Arbor Program," but was denied entrance into that program. (Id. at CM/ECF pp. 2, 11.) Plaintiff alleges that the NEOC discriminated against him because of his disability. (Id.) Plaintiff states that the NEOC misunderstands the rules or that there is "one big conspiracy against the plaintiff." (Id.) Plaintiff seeks a monetary award of $100,000.00. (Id. at CM/ECF p. 5.) Plaintiff also seeks injunctive relief in the form of a court order that enforces the American with Disabilities Act against Defendant. (Id.)

**II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation

was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.     DISCUSSION OF CLAIMS

### A.     Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than

name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff has sued Anne Hobbs, the Director of the NEOC, in her official capacity only. However, Plaintiff cannot obtain a judgment for money damages against the NEOC or Anne Hobbs in her official capacity because they are shielded by Eleventh Amendment immunity and have not waived that immunity. Plaintiff's claim for injunctive relief will be allowed to proceed, subject to amendment as set forth below. However, Plaintiff's claim for monetary relief against Anne Hobbs in her official capacity is dismissed.

### B. Plaintiff's ADA Claim

Liberally construed, Plaintiffs claims arise under the Americans with Disabilities Act (the "ADA").[1] As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). To establish a prima facie case of disability discrimination under the ADA a plaintiff must show that he: (1) has a disability as defined in 42 U.S.C. § 12102(2); (2) is qualified to perform the essential functions of the job, with or without reasonable

---

[1] Plaintiff makes reference to a laundry list of other "claims" such as violations of the Fifth and Eighth Amendments to the U.S. Constitution, and other "violations" such as violation of "a liberty intrest (sic)," "equal rights," and "cruel and unsual (sic) punishment." (Filing No. 1 at CM/ECF p. 4.) Even with the most liberal construction, there are no allegations to support this laundry list.

accommodation; and (3) has suffered an adverse employment action because of his disability. 42 U.S.C. § 12112(a).

Liberally construed, Plaintiff has alleged that he has a disability, and that he was not hired because of his disability. However, Plaintiff has not alleged that he was qualified for the job.[2] In short, Plaintiff's allegations fail to state a claim upon which relief may be granted. However, on its own motion, the court grants Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against the Defendant and to sufficiently allege that he is qualified for the position. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendant Anne Hobbs in her official capacity for monetary relief are dismissed;

2. Plaintiff shall have until **July 14, 2008**, to amend his Complaint to clearly state a claim on which relief can be granted against Defendant Anne Hobbs in her official capacity and for injunctive relief only. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice for failure to state a claim upon which relief may be granted;

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new

---

[2]At this stage of the proceedings, the court takes the allegations of the Complaint as true, but notes that Exhibit A, attached to Plaintiff's Complaint, suggests that Plaintiff is not qualified for the "Arbor Program" position. (Filing No. 1 at CM/ECF p. 6.)

allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

4. No summons will be issued until after the amendment of the Complaint in accordance with this Memorandum and Order;

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **July 14, 2008**;

6. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter; and

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated this 17th day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge